UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEBBIE JEAN SCHIMMEL,

    Plaintiff,

v.                                          Case No. 3:14cv282/CJK

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____/

MEMORANDUM ORDER

This case is before the court pursuant to 42 U.S.C. § 405(g) for review of a final determination of the Commissioner of Social Security ("Commissioner") denying Debbie Jean Schimmel's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83.[1] The parties have consented to Magistrate Judge jurisdiction for all proceedings in this case, including entry of final judgment. Upon review of the record before this court, I conclude that the Administrative Law Judge's ("ALJ") decision is based on substantial evidence. The decision of the Commissioner, therefore, will be affirmed and plaintiff's application for benefits will be denied.

---

[1] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986). All references to statutes and rules in this order will be to those addressing disability insurance benefits.

ISSUE ON REVIEW

Ms. Schimmel, who will be referred to as claimant, plaintiff, or by name, raises a single issue on appeal. Plaintiff claims the ALJ erred in failing to give substantial weight to the opinions of her treating physician, William Hooper, M.D.

PROCEDURAL HISTORY

Plaintiff filed an application for SSI on March 16, 2011, alleging an onset date of November 10, 2010. T. 127-33.[2] Plaintiff's claim was denied initially on May 20, 2011, and again on reconsideration on August 19, 2011. T. 55-61, 64-69. Plaintiff appeared for a hearing before the Administrative Law Judge ("ALJ") on November 13, 2012. T. 25-44. On January 2, 2013, the ALJ found plaintiff not disabled under the Act and denied her application for SSI. T. 11-24. Plaintiff sought review of the ALJ's decision on February 4, 2013, which the Appeals Council denied. T. 1-7. The ALJ's decision thus became the final determination of the Commissioner.

STANDARD OF REVIEW

A federal court reviews a Social Security disability case to determine whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper

---

[2] The administrative record, as filed by the Commissioner, consists of six volumes (docs. 7-2 through 7-7), and has 242 consecutively numbered pages. References to the record will be by "T.," for transcript, followed by the page number.

Case No. 3:14cv282/CJK

legal standards were not applied."). Substantial evidence is "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). With reference to other standards of review, the Eleventh Circuit has said that "'[s]ubstantial evidence is more than a scintilla . . . .'" *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 62 (11th Cir. 2010) (quoting *Lewis*, 125 F.3d at 1439). Although the ALJ's decision need not be supported by a preponderance of the evidence, therefore, "it cannot stand with a 'mere scintilla' of support." *See Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if supported by substantial evidence. *See Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

When reviewing a Social Security disability case, the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner] . . . .'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). A reviewing court also may not look "only to those parts of the record which support the ALJ[,]" but instead "must view the entire record and take account of evidence in the record which detracts from the evidence relied on by the ALJ." *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). Review is deferential to a point, but the reviewing court conducts what has been referred to as "an independent review of the record." *See Flynn v. Heckler*, 768 F.2d. 1273, 1273 (11th Cir. 1985); *see also Getty ex rel. Shea v. Astrue*, No. 2:10–cv–725–FtM–29SPC, 2011

WL 4836220 (M.D. Fla. Oct. 12, 2011); *Salisbury v. Astrue*, No. 8:09-cv-2334-T-17TGW, 2011 WL 861785 (M.D. Fla. Feb. 28, 2011).[3]

The Social Security Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability, the physical or mental impairment must be so severe that the plaintiff not only is unable to do her previous work, "but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(g), the Commissioner analyzes a disability claim in five steps:

1. If the claimant is performing substantial gainful activity, she is not disabled.

2. If the claimant is not performing substantial gainful activity, her impairments must be severe before she can be found disabled.

3. If the claimant is not performing substantial gainful activity and she has severe impairments that have lasted or are expected to last for a continuous period of at least twelve months, and if her impairments meet or medically equal the

---

[3] The Eleventh Circuit not only speaks of an independent review of the administrative record, but it also reminds us that it conducts a *de novo* review of the district court's decision on whether substantial evidence supports the ALJ's decision. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Case No. 3:14cv282/CJK

criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

    4. If the claimant's impairments do not prevent her from doing her past relevant work, she is not disabled.[4]

    5. Even if the claimant's impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

"[R]esidual functional capacity is the most [claimant] can still do despite [claimant's] limitations."[5] 20 C.F.R. § 404.1545(1). The ALJ establishes residual

---

[4] Claimant bears the burden of establishing a severe impairment that keeps her from performing her past work. *Chester v. Bowen*, 792 F. 2d 129, 131 (11th Cir. 1986).

[5] In addition to this rather terse definition of residual functional capacity, the Regulations describe how the Commissioner makes the assessment:

> (3) Evidence we use to assess your residual functional capacity. We will assess your residual functional capacity based on all of the relevant medical and other evidence. In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity. (See § 404. 1512(c).) However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources. (See §§ 404.1512(d) through (f).) We will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations. (See § 404.1513.) We will also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons. (See paragraph (e) of this section and § 404.1529.)[.]

20 C.F.R. § 404.1545(a)(3).

functional capacity, utilizing the impairments identified at step two, by interpretation of (1) the medical evidence, and (2) the claimant's subjective complaints (generally complaints of pain). Residual functional capacity is then used by the ALJ to make the ultimate vocational determination required by step five. Often, both the medical evidence and the accuracy of a claimant's subjective complaints are subject to a degree of conflict and that conflict leads, as in this case, to the points raised on judicial review by the disappointed claimant.

## FINDINGS OF THE ALJ

In her written decision, the ALJ made a number of findings relevant to the issue raised in this appeal:

- "The claimant has not engaged in substantial gainful activity (SGA) since March 4, 2011, the application date (20 C.F.R. § 416.971 *et seq.*)." T. 16.
- "The claimant has the following severe impairments: disc bulge at L3-4 and lumbar stenosis (20 C.F.R. § 416.920(c))." T. 16.
- "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.926)." T. 16.
- "[T]he claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 C.F.R. § 416.917(b). She can lift and carry 20 pounds occasionally and 10 pounds frequently; stand or walk for six hours out of an eight-hour workday; sit for approximately six hours out of an eight-hour workday; occasionally stoop, kneel, crouch, crawl, balance, climb ramps and stairs, and push and pull leg controls; frequently push and pull arm controls; and never climb ropes,

ladders, or scaffolding." T. 17.

- "The claimant is capable of performing past relevant work as an office manager and salesperson of mobile homes. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 416.965)." T. 19.

- "The claimant has not been under a disability, as defined in the Social Security Act, since March 4, 2011, the date the application was filed (20 C.F.R. § 416.920(f))."[6] T. 19.

## FACT BACKGROUND AND MEDICAL HISTORY[7]

Plaintiff, who was sixty years old on the date of the ALJ's decision, testified at the hearing regarding her work experience and daily activities. T. 33-36. The facts below, where not derived from the medical records, are based largely, if not entirely, on plaintiff's testimony in that regard. Plaintiff graduated from high school and obtained an associate's degree in business management. T. 33. She previously worked in portable building sales and management, as a hostess/server, and as a cleaner. T. 33-34, 38, 146. When plaintiff worked in sales and management, she "[n]ever really came back into the office and sat down." T. 38. When she worked full time as a hostess/server for a hotel management group, plaintiff "do[esn't] believe

---

[6] According to the Application Summary for Supplemental Security Income, plaintiff applied for benefits on March 16, 2011. T. 127.

[7] The recitation of medical and historical facts of this case, as set out below, is based on the court's independent review of the record. Although intended to be thorough and to provide an overview of the claimant's history of care and treatment, the synopsis of medical evidence will be supplemented as necessary in the Analysis section.

[she] ever sat down." T. 35. Plaintiff last worked in November 2010 and claims she is disabled due to back pain and sciatic nerve pain.[8]  T. 145, 153.

Plaintiff lives alone. T. 36. According to her testimony, she is able to drive a car but can do so only for about an hour before having to stop. *Id.* Plaintiff cleans and occasionally reads and writes. T. 35-36. When grocery shopping, plaintiff uses an electrical riding cart because it is difficult for her to stand and walk for long periods of time. T. 36.

On March 16, 2011, plaintiff visited the St. Joseph Medical Screening Facility ("St. Joseph") and saw Dr. Hooper.[9] T. 217, 222. Dr. Hooper noted, in a very sparse chart entry, that plaintiff was in acute distress and assessed herniated nucleus pulpous ("HNP") at L4-5. T. 223. Dr. Hooper also prescribed medication and ordered an MRI of plaintiff's lumbar spine. T. 217, 223. The MRI was conducted on May 12, 2011, and, as interpreted by the radiologist, revealed mild relative stenosis at L3-4, no acute compression deformities, minor retrolisthesis L4 on L5, and no disc extrusions. T. 217, 222. Dr. Hooper's next note, again sparse, questioned whether plaintiff's HNP might have resolved; he also noted that the MRI showed only mild stenosis due to a disc bulge with no nerve root impingement. T. 222. When Dr. Hooper saw plaintiff on June 1, 2011, he indicated that the MRI scan showed degenerative disc disease. T. 221.

---

[8] The actual date that plaintiff last worked is unclear, as she indicated in writing that she last worked in November 2010 and testified at the hearing that she last worked in 2009. T. 33.

[9] St. Joseph Catholic Church in Pensacola, Florida, offers medical care for uninsured, low-income patients at a walk-in clinic referred to as the St. Joseph Medical Screening Facility.

On July 28, 2011, John A. Dawson, M.D., an agency consultative physician, examined plaintiff and found that she "exhibited marked symptom exaggeration." T. 232. Dr. Dawson noted that plaintiff's gait was "remarkable for her walking with an exaggerated left leg limp, bent over at the waist at approximately 30 degrees." T. 231. Dr. Dawson reviewed plaintiff's MRI results showing an L3/4 bulge with no impingement, effacement, or foraminal or canal narrowing. T. 231. Dr. Dawson found plaintiff's deep tendon reflexes +2 throughout, that plaintiff passed Romberg testing, and that plaintiff could tandem walk. T. 231. He also noted that plaintiff used a cane and declined to hop, heel walk, or toe walk but could stand on either leg and had 5/5 strength and full range of motion in her upper and lower extremities. T. 231-32. Dr. Dawson found that plaintiff's spine showed no gross visual abnormality and that plaintiff had negative straight leg raising, no muscle spasm or tenderness in her back, full range of motion in her lumbar and cervical spine with pain behavior at extremes of motion, and that her sensation was intact. T. 232. Dr. Dawson observed that plaintiff transferred in and out of a chair and on and off a table without assistance and could dress and undress herself without help. T. 232. He concluded that plaintiff did not require a hand-held assistive device and could lift ten pounds constantly and twenty pounds occasionally; sit, stand, and walk six hours out of an eight-hour day; and use her upper and lower extremities for coordinated push/pull activities with the weight limitations noted above. T. 232. State agency medical consultant Gloria Hankins, M.D., reviewed the medical chart and completed a Case Analysis indicating that plaintiff could perform a reduced range of light work. T. 233.

Plaintiff saw Dr. Hooper again on September 14, 2011, for a check-up. T. 239. Dr. Hooper noted that plaintiff was using a cane and was in distress. T. 239. He assessed sciatica and prescribed medication. T. 239. Plaintiff next came to St. Joseph on July 18, 2012, for medication renewal and completion of a disability form. T. 242. The treatment notes from that date contain a notation of "sedentary work." T. 237. On the disability form, a Physical Residual Functional Capacity assessment completed on September 5, 2012, Dr. Hooper indicated that, in an eight-hour day, plaintiff could walk one to two hours, stand one to two hours, and sit two to four hours. T. 240-241. Dr. Hooper also indicated that plaintiff could lift five pounds frequently, five to twenty pounds occasionally, and never lift more than twenty-five pounds. *Id.* Dr. Hooper found plaintiff unable to climb stairs, bend, stoop, or kneel. T. 241. According to Dr. Hooper, plaintiff would have to rest fifteen minutes every two hours and was disabled from full-time continuous employment for longer than one year. *Id.* Dr. Hooper also noted that the side effects of plaintiff's medication could include drowsiness, nausea, and vomiting.[10] *Id.*

## ANALYSIS

Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). "Good cause" exists

---

[10] Dr. Hooper prescribed ten milligrams of Cyclobenzapr Flexeril, which is a muscle relaxer, fifty milligrams of Tramadol for pain, and twenty to twenty-five milligrams of Lisinopril HCTZ for high blood pressure. T. 186.

when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips,* 357 F.3d at 1241; *see also Lewis*, 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). Where a treating physician has merely made conclusory statements, however, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical impairments at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

The opinion of a non-examining physician is entitled to little weight and, if contrary to the opinion of a treating physician, is not good cause for disregarding the opinion of the treating physician, whose opinion generally carries greater weight. *See* 20 C.F.R. § 404.1527(d)(1); *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir.

1985); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1255 (M.D.Fla. 2005). However, a brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability. *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980). "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [her] reasons." *Phillips*, 357 F.3d at 1241. Failure to do so is reversible error. *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)); *see also Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 591 (11th Cir. 2006) (also citing *MacGregor*).

Opinions on certain issues, such as a claimant's RFC and whether a claimant is disabled, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 416.927(d); *see* SSR 96-5p; *Adams v. Comm'r, Soc. Sec. Admin.*, No. 14-11231, 2014 WL 4922215, at *2 (11th Cir. Oct. 2, 2014); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875-877-78 (11th Cir. 2013); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986). Opinions reserved to the Commissioner, even when offered by a treating physician, are not entitled to controlling weight or special significance. *See* SSR 96-5p. "Giving controlling weight to such opinions . . . would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* Although a physician's opinions about what a claimant can still do or the claimant's restrictions

may be relevant, therefore, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. *See* 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946(c); SSR 96-5p; *see also Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive.").

Plaintiff alleges the ALJ erred by not giving great weight to the opinions of Dr. Hooper, her treating physician. Specifically, plaintiff complains that the ALJ did not give great weight to the Physical Residual Functional Capacity form Dr. Hooper completed, indicating that she was unable to return to full-time work. Pl. Mem. 5. Dr. Hooper is perhaps marginally a "treating physician." He saw plaintiff five or fewer times over an eighteen-month period at a walk-in clinic operated by a local church. Even assuming Dr. Hooper was plaintiff's treating physician, Dr. Hooper's assessment of plaintiff set forth in the Residual Functional Capacity form is contrary to the evidence of record. As set forth above, an MRI showed that plaintiff had mild relative stenosis at L3-4, no acute compression deformities, minor retrolithesis L4 on L5, and no disc extrusions. T. 217. Describing the MRI findings, Dr. Hooper noted "no nerve root impingement" and also wondered whether the HNP might have resolved. T. 222. Notably, Dr. Hooper reviewed and concurred with that report before completing the Physical Residual Functional Capacity form, and his records as a whole contain no indication that plaintiff suffered from the rather extreme limitations indicated on the form. T. 222, 240-41.

Dr. Hooper's opinion also is inconsistent with the opinions of Dr. Dawson and Dr. Hankins, the latter of whom is a state agency medical consultant. State agency consultants are highly qualified specialists who are experts in Social Security disability programs; if supported by the evidence, the opinions of state agency consultants may be entitled to great weight. *See* 20 C.F.R. § 416.927(e)(2)(I); SSR 96-6p, 61 Fed. Reg. 34,466-01 (July 2, 1996). The opinions of Drs. Dawson and Hankins were consistent with one another, as well as with the other medical evidence of record, including plaintiff's MRI results. *See Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 671-72 (11th Cir. 2014) (noting that evaluation of consultative examiner, which was more consistent with other evidence, together with objective medical findings and claimant's conservative treatment, provided sufficient reasons to discount treating physician's opinion). More than a small portion of Dr. Hooper's opinions pertains to disability and RFC. To the extent Dr. Hooper expressed opinions on those topics, such opinions are not entitled to deference because they pertain to issues reserved for the Commissioner. *See* 20 C.F.R. § 416.927(d); SSR 96-5p; *Adams v. Comm'r, Soc. Sec. Admin.*, No. 14-11231, 2014 WL 4922215, at *2 (11th Cir. Oct. 2, 2014); *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877-78 (11th Cir. 2013); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986).[11]

---

[11] The Residual Functional Capacity Form also consists largely of conclusory statements expressed on a pre-printed check-off form. Where an opinion, even that of a treating physician, is offered on a preprinted check-off form that does not detail evidence in the record supporting the work-related limitations identified, such opinion will not bind the Commissioner. Courts have found such preprinted forms do not provide persuasive evidence of the validity of the opinions expressed therein. *See Hammersley v. Astrue*, No. 5:08-cv-245-Oc-10GRJ, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("Check-off forms . . . have limited probative value because they are conclusory

Finally, the ALJ found plaintiff not fully credible, a finding plaintiff does not challenge on appeal. In particular, the ALJ noted that plaintiff lives alone and is able to bathe and dress without assistance, prepare meals, do household chores, drive, and shop, which is inconsistent with the limitations indicated by Dr. Hooper on the Physical Residual Functional Capacity form. T. 18.

In short, Dr. Hooper's opinion expressed on the Physical Residual Functional Capacity form is the only evidence in the record indicating in any way that plaintiff's impairments reach the level of disability. That opinion not only is unsupported by Dr. Hooper's treatment notes, but it also contradicts other evidence in the record that suggests that plaintiff suffers from no debilitating condition. The undersigned thus finds that the ALJ had ample reason to reject the opinions of Dr. Hooper, including Dr. Hooper's opinion regarding plaintiff's inability to return to full-time work, and to give great weight to Dr. Dawson's opinion and substantial weight to Dr. Hankins' opinion, both of which were consistent with the examinations of plaintiff and the objective findings on the record as a whole. *Id.* The ALJ's decision is supported by substantial evidence. The decision of the Commissioner, therefore, will be affirmed.

**ACCORDINGLY, it is ORDERED:**

The decision of the Commissioner is AFFIRMED and plaintiff's application for Supplemental Security Income is DENIED.

---

and provide little narrative or insight into the reasons behind the conclusions." (citing *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993))). While such forms are admissible, "they are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole." *O'Leary v. Schweiker*, 710 F. 2d 1334, 1341 (8th Cir. 1983).

Case No. 3:14cv282/CJK

Dated: September 3, 2015

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**